IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **NH SPECIAL EVENTS, LLC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: CBD-19-1826 |
| | * | |
| **FRANKLIN EXHIBITS** | * | |
| **MANAGEMENT GROUP, LLC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is Defendant's Motion for Leave to File a Counterclaim ("Defendant's Motion"). ECF No. 37. The Court has reviewed Defendant's Motion, related memoranda, and the applicable law. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about May 8, 2019, Plaintiff filed its Complaint in the Circuit Court for Prince George's County, alleging a breach of contract claim against Defendant. ECF No. 1-1, pp. 6-9. Plaintiff alleged that on or about August 18, 2018, Plaintiff and Defendant entered into a license agreement. Defendant operated a privately-owned exhibit, known as the Air Force One Experience (the "Exhibit"). The Air Force One Experience is a full size 757 Boeing aircraft that aimed to emulate the Air Force One plane that is used by the President of the United States. Def.'s Mot. 2. Defendant was licensed to operate the Exhibit on the area that Plaintiff owned. ECF No. 1-1. The license agreement initially expired on January 8, 2019, however, both parties extended the agreement to February 8, 2019. *Id.* Plaintiff also alleged in its Complaint, that

1

Defendant failed to remove the Exhibit from the area after the expiration of the license agreement. *Id.*

On June 20, 2019, Defendant removed the case to this Court. On July 1, 2019, Defendant timely filed its Answer to the Complaint. ECF No. 8. Defendant did not assert any counterclaims in its Answer. On August 7, 2019, The Honorable Paula Xinis, issued the initial Scheduling Order. ECF No. 11.

On September 6, 2019, Defendant's attorneys moved to withdraw as counsel. ECF No. 19. On October 2, 2019, this Court, granted the motion. ECF No. 24. On October 28, 2019, Plaintiff moved for leave to amend the Complaint (ECF No. 26), and twice moved to amend the Scheduling Order. ECF Nos. 27 and 28. The Court granted all three of Plaintiff's motions on January 2, 2019, and January 23, 2020. ECF Nos. 29 and 30. Subsequently, on February 28, 2020, Plaintiff filed another motion to modify the Scheduling Order (ECF No. 32), which the Court granted on March 3, 2020. ECF No. 33. On April 22, 2020, Defendant obtained new counsel. On May 11, 2020, the parties jointly filed a motion for extension of time to complete discovery (ECF No. 35) which the Court granted. On June 12, 2020, Defendant filed the present motion.

## STANDARD OF REVIEW

Motions for leave to amend counterclaims are subject to the same standards as motions for leave to amend complaints. *Kansas City Live Block 124 Retail, LLC v. Kobe Kansas, LLC*, No. CV GLR-14-3236, 2016 WL 3541205, at *1 (D. Md. June 29, 2016). *See Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 706 (D. Md. 2011). "When a party moves to amend its complaint or counterclaim after the scheduling order deadline has passed, the party has

the burden of satisfying a two-prong test." *Kobe Kansas*, 2016 WL 3541205, at *1 (quoting *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003)).

The party must first satisfy the good cause standard under Federal Rule of Civil Procedure 16(b). *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." When determining whether a party has satisfied the good cause standard, the Court considers the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Virginia Linen Serv.,* 729 F. Supp. 2d 757, 768 (D. Md. 2010). The Court has also stated that good cause can exist when at least some of the evidence did not come to light until after the scheduling deadline. *Id.* at 768 (citing *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. Apr. 7, 1994) (unpublished opinion)). *See also Abitu v. GBG, Inc.*, No. PWG-17-8, 2018 WL 2023557, at *2 (D. Md. May 1, 2018). The analysis under Rule 16(b) is less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend "and the reasons for its tardy submission." *Rassoull v. Maximus, Inc.,* 209 F.R.D. 372, 373–74 (D. Md. 2002). The primary consideration is the diligence of the movant. *Id.* at 374. The movant satisfies the good cause requirement by showing that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner. *See Montgomery v. Anne Arundel Cty, Md.,* 182 F. App'x 156, 162 (4th Cir. 2006).

If a party satisfies the good cause standard under Federal Rule of Civil Procedure 16(b), then the inquiry shifts to satisfying the second prong of the analysis. *Odyssey Travel Ctr.,* 262 F. Supp. 2d, at 631. This requires satisfying Federal Rule of Procedure 15(a)(2). *Id.* Federal Rule

of Civil Procedure Rule 15(a) states that a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15. This rule also states that the court should freely give leave when justice so requires. *Id.* It is the Fourth Circuit's policy to "liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse,* 330 F.2d 997, 998 (4th Cir. 1964)). Delay alone is insufficient to deny leave to amend. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *Brightview Grp., LP v. Teeters*, No. CV SAG-19-2774, 2020 WL 4019172, at *3 (D. Md. July 16, 2020) (quoting *Johnson*, 785 F.2d at 509-10) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment would be futile if it would fail to survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Ultimately, the Court has discretion on whether to grant leave to amend. *Foman*, 371 U.S. at 182; *See also Medigen of Ky. v. Public Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993) (citing *Nat'l Bank v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988))("although the federal rules favor granting leave to amend, the decision lies within the sound discretion of the district court").

## ANALYSIS

I. **Defendant Has Satisfied the Requirements of Federal Rules of Civil Procedure Rule 16 and 15.**

　　a. **Good Cause Standard**

Defendant moves for leave to file a counterclaim beyond the limitations set forth in the Scheduling Order as modified. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In order for Defendant to satisfy the good cause

standard, Defendant must prove that it was diligent in its motion to seek leave to file a counterclaim. *Rassoull,* 209 F.R.D. at 373–74. The Court must also look at the following factors: danger of prejudice to the non-moving party, length of the delay and its potential impact on judicial proceeding, reason for the delay, and whether the movant acted in good faith. *Tawwaab*, 729 F. Supp. 2d at 768.

### 1. Diligence

The first issue is whether Defendant acted with diligence. Defendant has proffered that it was not represented by counsel from October 2, 2019, until April 22, 2020. ECF Nos. 24 and 34. Defendant also stated that once counsel entered his appearance on April 22, 2020, the parties conferred and filed a joint motion for an extension of time to modify the Scheduling Order on May 11, 2020. ECF No. 35. In their joint motion, the parties agreed that both parties reserved the right to move for leave to amend. *Id.* at 2. Shortly after the Court granted the joint motion, Defendant's Motion was filed. During the period that Defendant was without counsel, it was not permitted by the Local Rules to file any pleadings. Local Rule 101.1 (a).

Plaintiff relies upon *Holden v. Bwell Healthcare Inc.,* in arguing that Defendant is time barred from filing a counterclaim. *Holden v. Bwell Healthcare Inc.*, No. CV SAG-19-760, 2020 WL 1285505, at *2 (D. Md. Mar. 18, 2020). However, Plaintiff's reliance on *Holden*, is misplaced. In *Holden*, the defendant did not file a timely answer to the complaint as required under Federal Rule of Procedure 12(a)(1)(A)(i). Furthermore, when counsel was appointed for the defendant several months after the complaint was served, the defendant filed pleadings but made no mention of an intent to file any counterclaims. *Id.* at *2.

Here, Defendant timely filed its Answer. The reason Defendant was without counsel for approximately six months, is not currently before this Court. However, shortly after new counsel

entered his appearance, Defendant telegraphed its intention to do so, and promptly moved for permission to file a counterclaim. The Court concludes that Defendant acted diligently as required by Rule 16.

The Court agrees with Defendant that allowing a counterclaim at this time will not unfairly prejudice Plaintiff. There have been multiple claims between both parties, filed in both this Court and the Prince George's County Circuit Court that relate to the same Exhibit and arise from the same contract. By its own admission, Plaintiff was aware of the nature of Defendant's breach of contract claims on May 29, 2020. Pl.'s Opp'n 12. Defendant also advised Plaintiff that counterclaims would be filed in either Maryland State Court or Federal Court. Plaintiff "assumed that Franklin Exhibits would be filing an Amended Complaint in the Maryland State Court case." *Id.* The Court agrees with Defendant that it would be "inefficient for the parties to litigate their claims and counterclaims in separate actions. . .." Def.'s Mot. 10. If permitted to litigate its counterclaim here, Defendant represents that it will no longer pursue the action in the State Court. Def.'s Mot. 2, 4. As to whether there is unfair prejudice to Plaintiff, the Court is of the view that any prejudice is *de minimus.*

### 2. Danger of Prejudice to the Non-Moving Party

In evaluating the second factor, Defendant also argues that the delay in filing the counterclaim, will have no impact on judicial proceedings. Defendant argues that neither a pretrial conference or trial date has been scheduled, and that the Scheduling Order has been extended to allow ample time to complete discovery. Plaintiff did not contest this explanation. The Court also notes that the Scheduling Order has been modified several times to accommodate Plaintiff. ECF Nos. 29, 30, 33. Allowing Defendant to file this counterclaim, will alleviate Plaintiff from having to defend against the same claims in the Maryland State Court. Therefore,

since no trial date has been set, the Court finds that the length of delay will have no impact on the proceedings.

### 3. Length and Reason of the Delay and its Potential Impact on Judicial Proceedings

Delay alone is insufficient to deny leave to amend. *Johnson*, 785 F.2d at 509-10. In evaluating the reason for the delay, Defendant argues that part of this reason was due to the fact that Defendant was not represented by counsel from October 2, 2019, until April 22, 2020. The reason why Defendant was left without counsel for approximately six months, again, is not currently before this Court. However, as soon as Defendant obtained counsel on April 22, 2020, the parties filed a joint motion to extend the Scheduling Order on May 22, 2020. Furthermore, Defendant reached out to Plaintiff on May 6, 2020 to propose a new amendments deadline. Def.'s Reply Mot. 9-10. The record reflects Defendant's efforts to promptly amend any counterclaims, within two weeks of when Defendant obtained new counsel, even though Plaintiff would not consent to Defendant's motion for leave to file a counterclaim. In their joint motion, the parties stated that either party may move for leave to amend its pleadings. Defendant did just that and moved for leave to file its counterclaim within two weeks after the Court granted the parties' joint motion.

### 4. Good Cause

Good cause may exist "where at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." *Tawwaab,* 729 F. Supp. 2d at 768 (citing *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429, 1994 WL 118475, at *11). Defendant contends that many of the facts raised in the counterclaim occurred after the original deadline for amendments on September 23, 2019, and the extended deadline on October 28, 2019. Def.'s Mot. 7-8. Defendant also contends that NH

Special Events' breaches of contract and torts are continuing in nature. *Id* at 8. Looking at the proposed counterclaims, Defendant notes some disagreements related to the Exhibit as late as May 2020. ECF No. 37-1. Defendant's Motion was filed within a month after those claimed disagreements. Therefore, the Court finds that at least some of Defendant's purported allegations regarding its breach of contract claims arose after the amendment's deadline.

The Court has considered all of the factors regarding the modification of its Scheduling Order. Thusly, the Court finds Defendant has satisfied the good cause standard under Federal Procedure Rule 16(b)(4).

      b. **Court's Leave to Amend a Pleading**

It is the Fourth Circuit's policy to liberally allow amendments in keeping with the spirit of Federal Rule of Civil Procedure 15(a). *Galustian*, 591 F.3d at 729 (citing *Coral,* 330 F.2d at 997-98). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *Brightview Grp.,* 2020 WL 4019172, at 3 ((quoting *Johnson,* 785 F.2d at 509-10) (interpreting *Foman*, 371 U.S. at 178)); *Hart*, 495 F. App'x at 315. *See also Edwards*, 178 F.3d at 242.

Federal Rule of Procedure15(a)(2) states that leave to amend a complaint should be freely given "when justice so requires," and a motion to amend should be denied "only when it would be prejudicial, there has been bad faith, or amendment would be futile." *Young*, 108 F. Supp. 3d 301. *See also Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001) (citing *Edwards*, 178 F.3d at 242).

Here, Plaintiff alleges that it would be prejudiced because "it is not possible for Plaintiff to effectively respond to Defendant's Counterclaim [which consists of 132 numbered allegations and six causes of actions] …and potentially defend the counterclaims in just four months' time."

8

Pl.'s Opp'n 12.  However, Plaintiff was aware of the substance of Defendant's counterclaim and expected Defendant to file a similar amended complaint in Maryland State Court.  *Id.*  Hence, Plaintiff expected to litigate against those same claims on some basis.  Therefore, Plaintiff cannot claim that it would be prejudiced if this counterclaim is filed in this Court.  In addition, Plaintiff states that "[it] would no doubt be prejudiced in its inability to defend the multiple claims in such a short period of time.  Pl.'s Opp'n 13.  The Court does not find any basis for Plaintiff to be prejudiced, because if the Court grants Defendant's Motion, Defendant has asserted that Defendant will dismiss its state court claim and therefore, Plaintiff would only have to defend against the counterclaims once.

Determining whether an amendment would be futile does not involve "an evaluation of the underlying merits of the case." *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. CIV.A. RDB-12-02109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013) (quoting *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.,* No. CCB–11–0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)).  Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat'l Gaming Inc.,* 637 F.3d 462, 471 (4th Cir. 2011); *see MTB Servs.,* 2013 WL 1819944, at *3.  An amendment would be futile if it would fail to survive a motion to dismiss.  *See Perkins*, 55 F.3d at 917.

The Court does not find that granting the amendment would unfairly prejudice Plaintiff.  The Court also does not find that Defendant is exhibiting any bad faith.  In fact, the Court agrees with Defendant that granting this amendment would promote judicial efficiency.  Even though

determining whether the amendment would be futile, does not involve "an evaluation of the underlying merits of the case," the Court finds that the proposed counterclaims do state claims under the applicable rules and standards.  *MTB Servs.,* 2013 WL 1819944, at *3 (quoting *Next Generation Grp.,* 2012 WL 37397, at *3).  Accordingly, the Court does not find that the amendment is futile.  Therefore, Defendant has satisfied both prongs under Federal Civil Procedure Rule 16(b)(4), and 15 (a)(2).

## II. Res Judicata Does Not Bar Defendant from Filing a Counterclaim.

Plaintiff argues that Defendant's proposed counterclaims are barred by the doctrines of *res judicata* and claim preclusion.  "Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication."  *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1314–15 (4th Cir. 1996).

"For a prior judgment to bar an action on the basis of *res judicata,* the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding."  *Barksdale v. Carder*, No. CIV.A. DKC-12-3087, 2012 WL 5996125, at *2 (D. Md. Nov. 29, 2012); *See Grausz v. Englander,* 321 F.3d, 467, 472 (4th Cir.2003).

Plaintiff argues that "a vast majority of the acts alleged in the Counterclaim… occurred prior to or during the pendency of the Wrongful Detainer Action."  Pl.'s Opp'n  9.  Plaintiff also argues that the proposed counterclaims are barred because Defendant's Motion was denied during an Injunction Hearing.  The Court disagrees.

According to Maryland law, "wrongful detainer" means to hold possession of real property without the right of possession. Md. Code Ann., Real Prop. § 14-132 (West 2018). In addition, under § 14-132(e), "[a] counterclaim or cross-claim may not be filed in an action brought under this section." *Id.* According to § 14-132, the purpose of a wrongful detainer suit is for the Court to solely decide which party is legally entitled to possession of the property. *Id.* Defendant could not assert any counterclaims, as the statute does not allow such. The statute also did not allow Defendant to bring any breach of contract or torts claims. Therefore, Defendant was unable to bring any of its causes of action at that time. The Court also finds that the Injunction Hearing was denied as a part of the current Maryland State Court lawsuit. The lawsuit is still pending, and the Injunction Hearing was not the final judgment in the breach of contract case. Therefore, the Court finds that Defendant's proposed counterclaims are not barred by res judicata.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion is GRANTED. The Court grants Defendant leave to file a counterclaim.


October 14, 2020                                         /s/
                                                Charles B. Day
                                                United States Magistrate Judge
CBD/pjkm